

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| DAVID CONVERSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CJ-2014-03744 |
| v. | ) |
| | ) ATTORNEY LIEN CLAIMED |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

DANA LYNN KUEHN

DISTRICT COURT
**FILED**
SEP 3 0 2014
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## PETITION

**COMES NOW** the Plaintiff, David Converse, by and through his attorney of record, Donald E. Smolen, II, and for his cause of action against the Defendant State Farm Fire and Casualty Company, sets forth and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is a citizen of Oklahoma residing in Tulsa County, Oklahoma.

2. The Defendant, State Farm Fire and Casualty Company ("State Farm Fire and Casualty"), is a foreign corporation conducting regular business in Tulsa County, Oklahoma.

3. The acts, occurrences and omissions complained of herein occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

1



## FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. At all times relevant to the acts and omissions alleged herein, Plaintiff had a home located in Tulsa County, insured with Defendant under a "Rental Dwelling Policy," specifically Policy Number 96-BC-D534-4.

7. In February 2014, Plaintiff discovered vandalism and theft damage, losses and destruction to said home and initiated a claim with Defendant under said policy, as these were events covered by said policy. Defendant assigned Plaintiff a claim number of 36-29S4-202.

8. Plaintiff incurred thousands of dollars in coverable loses under the aforementioned claim.

9. Defendant tendered payment for an amount unreasonably lower than the damage and loss incurred, and unreasonably lower than the coverage provided for in said policy.

10. Defendant also unreasonably delayed and denied Plaintiff's claim.

11. Plaintiff relied on Defendant to properly handle his claim(s) and make payment on the applicable claim(s) pursuant to the aforementioned insurance policy. Plaintiff has met all of the conditions precedent for payment of claims under said insurance policy.

12. Defendant has unreasonably failed and refused to pay the benefits under the insurance policy.

13. Plaintiff has suffered damages as a result of Defendant's wrongful actions.

## CAUSE OF ACTION

14. Paragraphs 1-13 are incorporated herein by reference.

15. Plaintiff entered into a contract with Defendant for an insurance policy providing for rental dwelling home insurance coverage and benefits.

16. Plaintiff paid consideration to Defendant under said contract.

17. In its handling of Plaintiff's claim for benefits under said insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached its contractual obligations as well as its duty to deal fairly and in good faith towards Plaintiff in the following respects:

    a.    Failing to perform an adequate investigation of Plaintiff's claim;

    b.    Failing to fairly and reasonably evaluate facts of liability;

    c.    Intentionally misreading or misconstruing the claims file and policy provisions regarding Plaintiff's claim;

    d.    Creating issues simply to compromise the duty to pay the full amount;

    e.    Designing a scheme not to pay Plaintiff, and others similarly situated, the benefits owed under the Policy;

    f.    Failing to investigate critical facts surrounding Plaintiff's claim under said policy;

    g.    Failing to have knowledge or formal training regarding the terms of their policy with Plaintiff;

    h.    Failure to comply with industry standards;

    i.    Failing to reasonably construe the law applicable to Plaintiff's claim(s) and policy;

    j.    Attempting to shift the burden of investigation onto Plaintiff's counsel;

    k.    Unreasonably handling Plaintiff's claim causing Plaintiff to institute unnecessary litigation;

    l.    Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendant knew that the Plaintiff was entitled to those benefits;

m. Unreasonably delaying payment of benefits without a reasonable basis;

n. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

o. Intentionally and recklessly misapplying the provisions of the insurance policy;

p. Using their unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

q. Failing to properly investigate the Plaintiff's claim for benefits;

r. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

s. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff;

t. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for Plaintiff's claim;

18. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of his insurance policy benefits, mental and emotional distress, embarrassment, anxiety and financial hardship, all of which are in excess of seventy-five thousand dollars ($75,000).

19. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against Defendant for these actions.

4

WHEREFORE, based on the foregoing, Plaintiff prays that this Court enter judgment against Defendant and grant him the relief sought including, but not limited to, actual damages in excess of Seventy Five Thousand Dollars ($75,000.00), punitive damages in excess of Seventy Five Thousand Dollars ($75,000.00), costs, pre-judgment interest, post-judgment interest, reasonable attorneys fees, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Donald E. Smolen, II, OBA #19944
Laura Lauth, OBA #22619
Jack Beesley, OBA #30484
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*